UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
COVINGTON DIVISION

IN RE:

**MICHAEL WAYNE JONES**                                                      CASE NO. 09-21945
**ELIZABETH ANN JONES**

**DEBTORS**

**MEMORANDUM OPINION AND ORDER
HOLDING BANK OF AMERICA IN CONTEMPT OF COURT**

This matter is before the Court on the Debtors' Motion Seeking Contempt Citation for Violations of the Discharge Injunction [Doc. 54]. The Debtors have moved to hold a creditor, Bank of America N.A. ("BOA"), in contempt for filing a state court foreclosure action against them seeking to collect a debt as a personal liability of the Debtors that was discharged in their Chapter 13 bankruptcy. For the reasons stated more fully below, the Court finds that BOA shall be held in contempt for violation of 11 U.S.C. §524(a)(2) and sanctioned $2,047.50.

**Facts**

The following facts, except where indicated, are undisputed. The Debtors filed for Chapter 13 relief on July 31, 2009. The Creditor BOA was notified of the Debtors' bankruptcy on or about August 7, 2009.

The Debtors filed their Chapter 13 Plan (the "Plan") on August 17, 2009 [Doc. 10]. The Debtors' Plan provided the Debtors would surrender their home, which was encumbered by a mortgage held by BOA to secure repayment of a loan. The Plan was served on BOA and confirmed without objection [Doc. 11 & 16]. Almost two years later, the Debtors completed their payments under the Plan and received a discharge on August 5, 2011 [Doc. 42], which was also served on BOA [Doc. 43].

1

On May 7, 2012, BOA filed a state foreclosure action against the Debtors and caused Debtor Michael W. Jones to be personally served with the state court Complaint by certified mail. The Complaint sought a personal judgment against the Debtors for the discharged BOA debt.

On May 22, 2012, the Debtors filed a Motion to Re-Open [Doc. 47] their bankruptcy case "to file a motion for contempt and/or motion for injunction." A week later, counsel for BOA and Debtors' counsel spoke for the first time when BOA's attorney contacted Debtors' counsel to discuss resolution of the matter. Debtors' attorney offered $4,000.00 to settle the matter, which he later withdrew the same day and replaced with a settlement offer of $25,000. There is no evidence in the record as to whether BOA made any offer or attempt to settle at this time; rather, the parties only agree via a joint stipulation that the issue is "disputed."

A few days later, on June 1, 2012, BOA finally amended the state court Complaint to seek an *in rem* judgment as opposed to a personal judgment against the Debtors.

On June 11, 2012, an Order [Doc. 48] was entered granting the Debtor's Motion to Re-Open their Chapter 13 bankruptcy case. That same day, the Debtors filed a Motion for Contempt [Doc. 49] against BOA and served discovery.[1]

On August 10, 2012, BOA filed a Response [Doc. 60] opposing the Debtor's Motion for Contempt and on August 14, 2012, a hearing was held. The Court then set the matter for evidentiary hearing [Doc. 64] and ordered the Debtors to file an affidavit of damages and the parties to file joint stipulation of facts [Doc. 62 & 63].

---

[1] On June 12, 2012, the Court entered an Order [Doc. 53] overruling the Debtor's Motion for Contempt without prejudice because the Notice of Hearing was incorrect. On June 22, 2012, the Debtor filed a second Motion for Contempt [Doc. 54].

2

The parties made some attempt to settle the matter by telephone discussion prior to the August 14, 2012 hearing. The record is unclear as to exactly what offers, if any, were made by BOA to settle. Again, the parties can only agree that these facts are "disputed."

It is undisputed, however, that BOA's counsel offered to settle the matter after the August 14, 2012 hearing for one to two hours of Debtors' attorney's time. This is the only evidence of a monetary offer by BOA to resolve the alleged discharge violation. This settlement discussion was not fruitful and on August 24, 2012, the parties' counsel again conferred by phone. Debtors' counsel countered with an offer to settle the matter for $1,200.00. BOA's counsel refused and again offered to settle the matter for two hours of the Debtors attorney's time. No resolution was reached.

On August 21, 2012, Debtors' attorneys filed an Affidavit [Doc. 65] and itemization of attorneys' fees outlining $2,147.50 in damages, including $2,047.50 in attorneys' fees and a request for $100 for the Debtors' "lost time." On August 28, 2012, the parties filed a Joint Motion to Convert the evidentiary hearing to a non-evidentiary hearing for the purpose of submitting the matter on the record after a briefing schedule and submission of joint stipulations [Doc. 66]. The Court granted the parties' Motion and remanded the evidentiary hearing per the parties' request [Doc. 69]. The parties filed briefs [Docs. 71 & 72] and joint stipulations of fact [Doc. 70], and the Court entered an Agreed Order [Doc. 75] to submit the matter on the record on October 18, 2012. This issue is now ripe for determination.

## Discussion

The Court has jurisdiction pursuant to 28 U.S.C. §1334. This is a core proceeding pursuant to 28 U.S.C. §157(b). Venue is proper pursuant to 28 U.S.C. §1409.

In this jurisdiction, there is no private right of action for a violation of the discharge injunction and such violation is only punishable by sanctions awarded through contempt proceedings brought by motion as part of the main case. *Pertuso v. Ford Motor Credit*

*Company*, 233 F.3d 417 (6th Cir. 2000).  In order to impose contempt sanctions on an alleged violator of the discharge injunction, the Court must find the act was contemptuous. *In re Frambes*, Bankr. Case No. 08-22398, 2012 WL 400735, *5 (Bankr. E.D.Ky. Feb. 7, 2012).  In the context of a violation of the discharge injunction, this means that the act must have been willful.  *Id.* (*citing Gunter v. Kevin O'Brien & Assocs., LPA (In re Gunter*), 389 B.R. 67, 75 (Bankr. S.D. Ohio 2008); *Kanipe v. First Tenn. Bank (In re Kanipe*), 293 B.R. 750, 756 (Bankr.E.D.Tenn.2002)).

To determine whether the Creditor's acts were willful, the Court must find that the Creditor intended the acts that constituted the violation. The standard does not require proof that the creditor deliberately violated the injunction. *In re Waldo*, 417 B.R. 854, 891 (Bankr. E.D. Tenn. 2009). The Debtors must therefore establish by clear and convincing evidence: (1) the creditor violated the discharge injunction; and (2) the creditor did so with actual knowledge of the injunction.  *In re Frambes*, 2012 WL 400735 at * 5.

The Debtors have met their burden to show by clear and convincing evidence that the Creditor willfully violated the discharge injunction. It is undisputed that the Creditor had actual knowledge of the Debtors' discharge and willfully brought a state court action against the Debtors to recover a discharged debt.  This is in violation of the discharge injunction under §524(a)(2) and therefore exposes the Creditor to potential contempt of court. *Pertuso*, 233 F.3d at 421–23.

As the Debtors have met their burden of proof by showing that the Creditor willfully violated the discharge injunction by attempting to collect a discharged debt, the Court must determine the sanctions that may be imposed. If contempt is present, the Court may sanction the contemnor by awarding damages to the Debtors. *In re Frambes*, 2012 WL 400735 at *7.

In support of their claim for damages, the Debtors have submitted their counsel's Affidavit.  Debtors' counsel testified that damages from the Creditor's contempt include: (1) $100

4

for lost time; and (2) $2,047.50 for attorneys' fees and costs [Doc.65]. Attached to the Affidavit is an itemization of fees.

First, there is no evidence of the Debtors' lost time or a quantification of expenses incurred as a result. The only evidence is a request by Debtors' counsel for lost time in the amount of $100; counsel's testimony is insufficient proof of the time lost and the amount necessary to compensate for that lost time. *See Archer v. Macomb County Bank*, 853 F.2d 497 (6th Cir.1988) (holding the court cannot award damages based on mere speculation, guess or conjecture).

Second, BOA has argued that the Debtors' request for $2,047.50 in fees is unreasonable because: (1) Debtors' attorneys resorted to litigation instead of mitigating damages; (2) thus taking advantage of BOA's mistake to generate income; and (3) if sanctions are merited, the Debtors are only limited to actual damages, not punitive damages.

As to the Creditor's first two points, this Court has refused to award the total attorneys' fees requested as damages for an automatic stay violation where there is evidence that the debtor and/or his counsel could have mitigated damages by attempting to resolve the matter prior to litigation but did not do so. *See e.g., In re Frambes*, 2012 WL 400735 at *8; *Clay v. Credit Acceptance Corp. (In re Clay)*, Bankr. Case No. 10–53848, Adv. Case No. 11–5003, 2011 WL 2312334 (Bankr. E.D. Ky. June 10, 2011). The facts surrounding a violation of the discharge injunction are unique to each case and the facts must be considered while balancing "the importance of punishing willful violations of the discharge injunction" with "the importance of preventing motions for contempt from becoming a profit-making endeavor." *In re Frambes*, 2012 WL 400735 at *9.

In this case, the record reflects that Debtors' attorney allowed several weeks to pass after the state foreclosure proceeding was filed before speaking with BOA, filed a Motion to Re-Open the bankruptcy case, and then offered $4,000.00 to settle, only to withdraw that offer the

5

same day and replace it with a higher offer of $25,000.00.  At first blush, it appears such behavior is not conducive to resolving the matter in a timely and reasonable fashion without resorting to litigation.  That said, the record also shows that BOA did little to rectify or mitigate its mistake.  The parties stipulated that BOA's counsel contacted Debtors' counsel for the first time on May 29, 2012, three weeks after the state foreclosure action was filed and one week after the Motion to Re-Open was filed.  The joint stipulations reflect an offer was made by Debtors' counsel on May 29, 2012, but there is no evidence that supports any attempt by BOA to resolve the dispute.  Rather, the joint stipulations reflect that BOA did not file its Amended Complaint changing and limiting the requested relief to *in rem* relief until *after* the settlement discussions.  The proof in the record further shows that BOA waited another 2 ½ months (until after the August 14, 2012 hearing) before making any offer of settlement.  By that time, the Debtors had incurred $1,907.50 in attorneys' fees in an attempt to resolve the discharge violation.

According to the joint stipulations, there is a dispute as to whether BOA's counsel made a monetary offer to settle the case prior to August 14, 2012.  If BOA's counsel did make an offer to settle the dispute in any of his conversations with the Debtors' counsel prior to August 14, 2012, that evidence is not in the record.  Rather, the only evidence before the Court, per the parties' request to submit this matter on the record in lieu of an evidentiary hearing, are the parties' joint stipulations and Debtors' counsel's Affidavit and itemization of fees.  It is upon this evidence that the Court must base its ruling.  Thus, the Court finds that a sanction of $2,047.50, or the total attorneys' fees requested, is appropriate.

Finally, BOA's third argument has no merit.  The Court is within its discretion to impose actual damages, including costs and attorneys' fee, as well as punitive damages.  11 U.S.C §362(k).  Here, the Court does not find that the evidence supports an award of punitive damages.

**Conclusion**

Based on the forgoing findings of fact and conclusion of law, the Debtors' Motion for Contempt [Doc. 54] is GRANTED. The Creditor Bank of America is held in CONTEMPT of Court for its violation of 11 U.S.C. §524(a)(2) and is ordered to pay the Debtors $2,047.50 for the Debtors' reasonable attorneys' fees and costs.

Copies To:

John C. Hayden, Esq.

Sean P. Fitzgerald, Esq.

James Tebutt, Esq.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
*The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.*



**Signed By:**
*Tracey N. Wise*
**Bankruptcy Judge
Dated: Friday, November 02, 2012
(tnw)**